IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL CANNON,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>JBA GREENTREE PROPERTIES LLC,<br>a Delaware Limited Liability Company,<br><br>    Defendant. | Case No: |

**COMPLAINT**

Plaintiff, MICHAEL CANNON, an individual, by and through his undersigned counsel, hereby files this Complaint and sues JBA GREENTREE PROPERTIES LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MICHAEL CANNON, (hereinafter referred to as "MR. CANNON") is a resident of the State of Delaware.

4. MR. CANNON is a qualified individual with a disability under the ADA. In July 2011, MR. CANNON suffered a severe injury to his spinal cord which resulted in trauma to his

1

C6 and C7 vertebrae. As a result, MR. CANNON is a quadriplegic and is paralyzed from the chest down. MR. CANNON also suffers from limited dexterity in his hands due to the same incident.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, JBA GREENTREE PROPERTIES LLC, (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in the State of Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Greentree Village Center, generally located at 83 Greentree Dr, Dover, DE 19904 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a shopping plaza, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. CANNON last attempted to shop at the Property in mid-January, 2025, and again in late January, 2025, while he was in the Dover area. He enjoys the stores located there especially the Pizza Delight restaurant and several of the other stores.

11. During his recent attempted visits to the Defendant's Property, MR. CANNON experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. CANNON intends to and will visit the Defendant's Property as a patron because he enjoys the stores located there. However, MR. CANNON additionally intends to visit the Defendant's Property as a disability tester to determine whether the barriers to access described herein have been addressed.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which Plaintiff personally observed and/or encountered at the Property:

    A. Plaintiff encountered numerous parking spaces designated for disabled use throughout the Property which were not accessible due to a lack of adequate signage and signs which were mounted too low where they could be obscured by parked vehicles. These issues made it difficult for Plaintiff to recognize and use the disabled use parking spaces and fails to discourage some able-bodied patrons from parking in those spaces.

    B. Plaintiff encountered numerous parking spaces designated for disabled use throughout the Property which were not accessible due to inadequately narrow and, in some instances, a complete lack of any adjacent access aisles to allow for safe transferring out of a vehicle. Due to this issue, Plaintiff could not safely utilize many of the ADA spaces at the Property and risked getting hit from nearly vehicles during his visits.

    C. Plaintiff encountered numerous parking spaces designated for disabled use throughout the Property which were not accessible due to pavement in

disrepair and rough ground surfaces with slopes in excess of 1:48. Due to this issue, Plaintiff had to use extreme caution to transfer into and out of his vehicle to avoid a fall.

D.   Plaintiff encountered inaccessible curb ramps leading from the intended ADA parking to the Property sidewalk due to steep running slopes and steep side flare slopes which made it difficult and dangerous for Plaintiff to maneuver onto the sidewalk using his wheelchair, particularly near PNC Bank and Rite Aid. Additionally, many of the ADA parking spaces do not have nearby curb ramp access, such as the spaces near the First State Coins and Rice Fusion stores.

E.   Plaintiff encountered an inaccessible sidewalk route to the left of the PNC Bank entrance due to a very steep running slope in excess of 1:20 and a lack of proper handrails, leading to a vertical drop-off at the corner of the sidewalk. Due to this issue, Plaintiff had to use caution so as to avoid going down the slope and falling off the edge of the sidewalk.

14.   To date, these readily achievable barriers and other violations of the ADA still exist but have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.   Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16.   Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated January 31, 2025.

                          Respectfully Submitted,

By: */s/ David T. Crumplar*
     David T. Crumplar (#5876)
     Jacobs & Crumplar, P.A.
     *Of Counsel*
     10 Corporate Circle, Suite 301
     New Castle, DE 19720
     Tel.: (302) 656-5445
     Fax: (302) 656-5875
     E-Mail: davy@jcdelaw.com

        -and-

     Ku & Mussman, P.A.
     18501 Pines Blvd, Suite 362
     Pembroke Pines, FL 33029
     Tel: (305) 891-1322
     Fax: (954) 686-3976